Harper, J.
With respect to the first question, the statement is, that the testator by his will gave to the plaintiff a negro boy, John; which boy the plaintiff afterwards purchased of the testator in his lifetime, at the price of five hundred dollars; paid one hundred ^dollars in r^na cash, and gave his promissory notes for four hundred dollars. *- After testator’s death, six out of the eight residuary legatees of the estate entered into a bond to the defendant, the administrator, reciting those *54 facts and conditioned that they “shall relinquish and quit claim to any interest which they may have in and to the said negro, John, and to the said notes, and shall authorize and give full liberty to the said John Sims to pay to the said Sharod Sims, jr., the sum of one hundred dollars, being the amount in part which he paid for the said negro, John, and to deliver into the possession of the said Sharod Sims, jr., the said notes and the said negro, John, and shall save harmless the said John Sims for the said transaction.” The negro and the notes were delivered, the hundred dollars remain unpaid.
Clinton, for the appellant.
Standing, contra.
We concur with the Chancellor, that by this bond the plaintiff became the assignee of the obligors and entitled to their respective interests in the funds as far as one hundred dollars. They stipulate to relinquish and quit claim their interest to that extent to the plaintiff, and Equity regards that as done, which ought to be done.
We concur, of course, with the Chancellor in his conclusion on the facts, that no express promise of the defendant to pay this amount was proved either within four years before the filing of the bill or at any other time,
But we do not concur that this was a legal demand to which the statute of limitations could apply. Regarding the bond as an assignment to plaintiff, it transferred only' an equitable interest, and his remedy was only in Equity. In general a mere equity will not be barred in less than twenty years. Before the bond, defendant was a trustee as to this fund for the residuary legatees, and the bar of the statute -would not apply to them. By the assignment, the plaintiff was put in the place of the residuary legatees, and by accepting the bond, the defendant made himself a trustee for him.
It was urged that the defendant would not be charged, on the ground of not having assets in his hands, several of the legatees having purchased property of the estate for more than the amount of their shares. But their debts to him for these purchases must be regarded as assets. It is in his power to recover these. He knew of the state of things when the arrangement was made, and he accepted the bond, and must have looked to the bond for his indemnity.
-¡.«oí *Nor do I think there was such an acquiescence as will preclude J the plaintiff. He gave defendant a receipt for his “ dividend” of the estate. The obvious interpretation of this, is such proportion of the estate as he was entitled to under the will. But this claim does not arise under the will, but on the assignment. He may have known that defendant had distributed the estate, reserving nothing to meet this claim. But he does not appear to have sanctioned this otherwise than by silence; and he may have been silent as to what was past and what he could not prevent.
Decree for the plaintiff.
Johnson and O’Neaijo, Js., concurred.